PEOPLE *ex rel.* YOUMANS, appellants, v. SUPERVISORS OF DELA-
WARE.

*Taxation — assessment of rents on leases in fee — when board of supervisors may
correct — Mandamus.*

The assessors of the towns of K. and D., in Delaware county, assessed certain rents reserved on leases in fee and payable to a non-resident at the full value of the principal sum represented by them, while they assessed the remaining property in the towns at not over one-third of its value. *Held,* that the board of supervisors of Delaware had, under Laws of 1858, chap. 357, the power to correct such inequality so as to make the assessment just, and that

the refusal of such board to interfere with such assessment upon the petition of the owner of the rents was error, for which a mandamus would be allowed.

APPEAL from an order of the special term refusing a writ of mandamus. The application was made by William Youmans, Jr., for such writ against the board of supervisors of Delaware county to compel such board to correct and reduce the assessment of certain rents. The material facts appear in the opinion.

*Youmans & Niles,* for relator.

*W. H. Johnson,* for respondent.

JAMES, J. This case came before the special term on an order to show cause, as follows: " Ordered that the above-named board of supervisors, etc., show cause, etc., why a peremptory writ of mandamus should not issue requiring it to entertain, act upon and consider the petition of said relator, etc., praying that the assessments against the relator, on rents reserved, in the towns of Kortright and Davenport, in said county, may be reduced to one-third their present amount, or to such an amount as will be equal to and in proportion with the other assessments in said towns ; and why it shall not be compelled to correct and reduce said assessments in such manner and to such an extent as to render said assessments just and equitable ; and why it should not be compelled to exercise its discretion in respect to each assessment, and to make a just and proper correction and reduction thereof," etc.

The petition and affidavits on which said order was founded, showed that the relator resided in the town of Delhi, in said. county, and was the Youmans named on the assessment rolls of the towns of Kortright and Davenport, as assessed for rents reserved ; that he is there assessed at the full value of said rents, whereby he is required to pay four times as much tax on the same value of property as any other tax payer in said towns ; that in June, 1873, he met the assessors of said towns and requested them to place his property on their respective rolls at the same ratio of valuation as they did the property of other persons ; that they conceded his request was right, and promised that his property should not be assessed higher than the property of others ; which promise was entirely disregarded, and his said rents were assessed at their full

value, and the other property at one-third its value ; and praying said board to reduce his assessments so as to make them equal with other assessments of said towns.

In response to such order, the defendant, at special term, presented an affidavit of its clerk, showing that at the time the relator's petition was received by said board of supervisors, the affidavit of the supervisor of the town of Kortright was presented in opposition thereto, which said affidavit stated, that the affiant was and had been a resident of said town of Kortright, for twenty years last past, was well acquainted with the value of farms on the Kortright patent ; that the owners of said farms had been engaged since 1867 in an expensive litigation with said Youmans to determine the title of the rents reserved upon leases in fee on said lands ; that about 400 actions had been brought which were determined in his favor by the court of appeals ; that the taxation of costs therein was still pending ; that although said plaintiff had obtained judgment of re-entry, and the time to redeem had not expired, said Youmans had commenced a large number of new actions for rent accrued, which are still pending and undetermined; that in consequence of said litigations the lands of said patent have greatly deteriorated in value, and their market value is so greatly reduced that it is almost impossible to sell said farms at any price, or to raise money on them; so that said farms, as deponent believes, are heavily assessed, under the circumstances; that said deponent is informed said Youmans refuses to take less than $2 per acre for his right in said lands; that he requires rent to be paid in gold; that the interest of said Youmans in said lands is by far the most valuable property, real or personal, in said town; and that the assessment of said Youmans is just. The affidavit of said clerk further stated that the said affidavit of the said supervisor was received and placed on file; that after considerable discussion said board proceeded to take action on said petition and the other papers presented, and the relief prayed for was denied.

The record of the proceedings of said board is as follows:

"*Resolved,* that we, as a board of supervisors, decline to change or interfere with William Youmans' assessments as to rents reserved in the towns of Kortright and Davenport, upon the ground that we have no legal power or discretion in the matter; it being the opinion of the majority of the board, from the facts before them, that the said assessments are made according to the statute, the rents

assessed being reserved in money, and there being no conflict in the evidence produced as to the basis upon which the assessments are made."

Upon the foregoing papers the special term denied the writ.

There are no disputed facts bearing upon the question involved in this appeal. The relator, a non-resident of the towns of Kortright and Davenport, was assessed upon the roll of each of said towns for rents reserved in the year 1872. Said rents were set down at their full value, and the other property in each of said towns was set down at one-third its value. The relator presented his petition to the board of supervisors of the county in which said towns are located, praying that the valuation of said rents be reduced so as to make the same proportionately equal with the valuation of the other property of said towns; and, as the record shows, said board declined to interfere with said assessments, on the ground that it had no legal power or discretion in the matter, coupled with an expression of an opinion by a majority of the board that the valuation of said rents was in accordance with the statute.

The act which authorized the assessment of rents reserved (Laws 1846, chap. 327), made it the duty of assessors to ascertain the amounts of such rents, etc., and to value the same on the assessment roll at a principal sum, the interest of which, at the legal rate per annum, would produce a sum equal to such annual rents, etc. In this case it is shown that the valuation and assessment was so made, and if the other taxable property of the said towns had been valued and assessed on the rolls of said towns, as required by chapter 176 of the Laws of 1851, at full value, there would be no cause for complaint. But such was not the case; the other taxable property was valued and placed on the assessment rolls at only one-third its value; and hence the injustice complained of; the tax upon any given amount for rents being three times as great as upon the same amount of other taxable property.

The question arising on this appeal, therefore, is as to the power of the board of supervisors in said cases to hear and pass upon the questions presented by the relator in his petition.

The authority, if it exists, is to be found in chapter 357, Laws of 1858, amending the act of 1846, which reads as follows: "The assessor shall, in all cases of assessments under chap. 327 of the Laws of 1846, specify in the assessment rolls each rent so assessed, and the value fixed upon articles other than money, in which such rents are

payable; and whenever assessments are made against any person in any town or ward in which he does not reside, the board of supervisors of the county to which such assessments are returned, shall have, in all respects, as full power and authority, and it shall be their duty to correct such assessments, as to the valuation of the rents and as to the gross amount for which such person shall be assessed, as the assessors have as to a resident of the town; and such board of supervisors *may reduce* the amount of such assessments in the respective towns or wards of the county, in proportion, or otherwise, *as the nature of the corrections require,* to make such assessments just."

This statute would seem to cover this case. It vests in the board of supervisors in the cases specified, the power and authority of the board of assessors of towns, to correct assessments as to valuation of rents, and the gross amount for which such person shall be assessed for rents, and also the power, in its discretion, to reduce such assessments, in proportion or otherwise, as the nature of the corrections require, to make such assessments just.

In this case, and under this statute, said board of supervisors had power and authority to entertain the relator's petition; and it was its duty to consider and pass upon such petition, in the understanding that it had the discretionary power to grant the relief prayed for, no matter what the opinions of its members as to whether the valuation of said rents was, or was not, according to the letter of the statute of 1846. The question arising on the petition was not alone whether the assessment of said rents was according to the statute. That was not denied. But the other taxable property of said towns having been placed beside such rents on the rolls at one-third its value, on which to apportion the tax to be raised, the question was, whether the board of supervisors, under the statute of 1858, had the power to correct such inequality by reducing the valuation of said rents on said rolls or otherwise, so as to make such assessment just.

The board of supervisors erred in refusing to interfere with such assessments, on the ground that it had no power or discretion in the matter. It had both the power and the discretion, and the relator was entitled to its action on this petition in the light of such power, and the proceeding by mandamus was the proper remedy to compel such action and should have been granted by the special term. The result of such action cannot be directed by the court;

People ex rel. Youmans v. Supervisors of Delaware.

but in view of the facts, the inequality of valuations, the gross injustice which would follow upon a refusal to correct such assessment, the result ought not to be doubtful.

The order appealed from should be reversed, and an order entered allowing the writ prayed for in the petition, with $10 costs of the general and special term, to be paid by respondent.

*Order reversed.*